UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ARCHERA VENTURE CAPITAL, LLC AND INSTITUTE FOR NEUROPSYCHIATRY | : : : : | DOCKET |
| | : | JUDGE |
| VERSUS | : : | |
| WEST AMERICAN INSURANCE COMPANY | : : | MAGISTRATE JUDGE |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs, ARCHERA VENTURE CAPITAL, LLC AND INSTITUTE FOR NEUROPSYCHIATRY, who respectfully submit this Complaint for Damages against Defendant, WEST AMERICAN INSURANCE COMPANY, and further respectfully aver as follows:

### I. PARTIES

**1.**

Made Plaintiffs herein are:

  A. ARCHERA VENTURE CAPITAL, LLC, a Limited Liability Company, duly authorized to do business in the State of Louisiana, whose individual members are all citizens of Louisiana.

  B. INSTITUTE FOR NEUROPSYCHIATRY, a professional medical corporation, domiciled and duly authorized to do business in the State of Louisiana, whose principal place of business is located in Lake Charles, Louisiana.

1.

The above listed plaintiffs are sometimes hereafter individually referred to as "Plaintiff" and collectively as the "Plaintiffs".

**2.**

Made Defendant herein is WEST AMERICAN INSURANCE COMPANY ("Defendant"), a foreign insurance company, domiciled in the state of Indiana, which may be served through its registered agent for service of process, the Louisiana Secretary of State, located at 8585 Archives Avenue, Baton Rouge, Louisiana, 70809.

## II. VENUE AND JURISDICTION

**3.**

This Court has subject matter jurisdiction under 28 U.S.C.A. §1332(a), because the matter in controversy exceeds $75,000.00, and the case is between citizens of different states. Plaintiff, ARCHERA VENTURE CAPITAL, LLC is a Louisiana Limited Liability Company with its members domiciled in Louisiana. The INSTITUTE FOR NEUROPSYCHIATRY, is a professional medical corporation, domiciled in Louisiana, with its domicile and principal place of business located in Lake Charles, Louisiana. Defendant, WEST AMERICAN INSURANCE COMPANY, is a foreign insurance corporation domiciled in the State of Indiana, with a principal place of business in Boston, Massachusetts. The unpaid losses due under Defendant's insurance Policy exceed $75,000.00, and Plaintiff also seeks penalties, attorney's fees, costs, and expenses in addition to those unpaid losses pursuant to La. Rev. Stat. Ann. §22:1892 and La. Rev. Stat. Ann. §22:1973.

**4.**

Venue is proper in this Honorable Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; and the Property that is subject to the dispute between Plaintiffs and Defendant is located in this judicial district.

### III. FACTUAL BACKGROUND

**5.**

At all times relevant hereto, Plaintiffs owned the commercial property located at 2829 4th Ave, Ste 150, Lake Charles, LA 70601, and 2827 4th Ave, Lake Charles, LA 70601 (hereinafter collectively referred to as "Insured Premises").

**6.**

Plaintiffs are the owners of a commercial business located at the Insured Premises.

**7.**

At all times relevant hereto, Defendant, West American Insurance Company, provided a policy of insurance, bearing policy number BKW (21) 58 27 30 02 (hereafter the "Policy") to Plaintiffs, which covered the Insured Premises against perils including, wind, hail, and water. The Policy was in full force and effect at the time of the covered loss events that are the subject of the instant lawsuit.

**8.**

On August 27, 2020, while the Policy was in full force and effect, the Insured Premises sustained significant damage as a result of Hurricane Laura, a category four hurricane. Hurricane Laura made landfall in Cameron Parish with sustained winds of 150 mph.

9.

Only weeks later, on October 9, 2020, while the Policy was in full force and effect, the Insured Premises sustained additional damage as a result of Hurricane Delta, a category two hurricane, with winds of up to 100 mph.

10.

Devastating winds, and wind-driven rains caused catastrophic damage as both hurricanes passed through Southwest Louisiana.

11.

Hurricanes Laura and Delta resulted in extensive damage and destruction to thousands of structures located throughout the Lake Charles and Southwest Louisiana areas. The power grids were destroyed and homeowners and business owners were without water or power for weeks.

12.

Hurricanes Laura and Delta caused substantial amounts of damage to the Insured Premises exterior, interior, and roof, allowing water to infiltrate the interior as a direct result of that damage and otherwise causing significant damage to and throughout the building, as well as to the structure of the building.

13.

The storms also caused significant damage to Plaintiffs' business personal property located at the Insured Premises.

**14.**

In compliance with the Policy, Plaintiffs timely provided notice of the loss events to Defendant and took reasonable steps to mitigate the damage caused by the loss events as soon as reasonably possible.

**15.**

The mandatory evacuation orders put in place in response to Hurricanes Laura and Delta caused an interruption in Plaintiffs' business operations.

**16.**

The damage to the Insured Premises caused by the loss events has caused significant business interruption, particularly given the nature of Plaintiffs' business operations.

**17.**

The interruption of Plaintiffs' business operations has resulted in significant loss of business income and extra expense, which losses and expenses will continue to increase until such time that the repairs are completed, and the business becomes fully operational. Plaintiffs, however, cannot complete the repairs and become fully operational until Defendant honors their obligations and pays Plaintiffs the amounts owed under the Policy as a result of the covered loss events.

**18.**

Upon notification of the loss events, Defendant performed an initial inspection of the loss and damage to the Insured Premises. Thereafter, Defendant, together with their loss consultants, inspected the Insured Premises on several occasions, and provided one or more loss estimates on the claim.

19.

Plaintiffs, in compliance with the terms of the Policy, cooperated with Defendant and their consultants and made the Insured Premises available for inspection at all times. Defendant, directly and/or through their loss consultants and adjusters, had ample opportunity to investigate and inspect the damage to the Insured Premises.

20.

The payments made by Defendant to date are inadequate to cover the cost of repairs caused by Hurricanes Laura and Delta. Defendant's delays in paying the amounts due under the Policy has delayed Plaintiffs from becoming fully operational.

21.

As a result of Defendant's delays and failure to pay the amounts due under the Policy, Plaintiffs have had to retain undersigned counsel to bring the claims to a conclusion and final resolution.

22.

Defendant failed to pay the amount due to Plaintiffs in connection with the subject claims within thirty (30) days after receipt of satisfactory proof of loss, and also failed to make a written offer to settle Plaintiffs' property damage claims within thirty (30) days after receipt of satisfactory proof of loss of the claims.

23.

Defendant has been in possession of sufficient documentation to fully apprise themselves of the actual loss and damage to the Property as a result of Hurricane Laura and Hurricane Delta.

Defendant failed to pay Plaintiffs the actual amount of the loss due under the Policy despite having satisfactory proof of loss for more than sixty (60) days.

24.

Defendant breached their affirmative duties under LSA-R.S. § 22:1973 as a result of their failure to timely and reasonably adjust the subject losses.

25.

Despite Defendant's ongoing breaches and failure to timely pay the loss amounts due under the Policy, Plaintiffs have continued to work with Defendant and their consultants to ensure compliance with Plaintiffs' duties under the Policy.

26.

Defendant's failure to timely pay benefits owed under the Policy has placed the Insured Premises at risk.

27.

Defendant has unjustifiably failed and/or refused to perform their obligations under the Policy and have wrongfully or unfairly limited payment on the Plaintiffs' claims.

28.

As a result of the damage to the Insured Premises caused by Hurricanes Laura and Delta, Plaintiffs have sustained significant business losses and has incurred additional extra expenses.

29.

Because of Defendant's failure to timely compensate Plaintiffs for losses that are clearly covered and owed under the Policy, Plaintiffs have and will continue to sustain and/or incur additional business losses and extra expenses, including increased costs of construction.

**30.**

But for Defendant's wrongful conduct, Plaintiffs could have completed repairs and resumed its business operations well prior to the date that the repairs are ultimately completed.

**31.**

As a result of Defendant's bad faith conduct in connection with their adjustment of these claims, Plaintiffs have incurred professional expenses, including expert and/or attorney's fees, to determine that Defendant wrongfully failed to timely pay adequate amounts owed under the Policy in connection with Plaintiffs' claims.

**32.**

Defendant's acts and omissions in failing to pay Plaintiffs the actual amounts owed under the Policy within sixty (60) days of receiving satisfactory proof of loss is arbitrary, capricious, or without, probable cause, and Defendant is in breach of their affirmative duties of good faith and fair dealing.

**33.**

As a result of Defendant's failure and delays to timely adjust and pay the loss amounts due under the Policy in response to the damage caused by Hurricanes Laura and Delta, Plaintiffs have and/or will continue to sustain additional loss and damage and will continue to incur additional costs and expense at increased prices in connection with its completion of the repairs.

## IV. CAUSES OF ACTION

### A. Breach of Insurance Contract

**34.**

Plaintiffs reallege and re-aver the allegations contained in the preceding paragraphs, above, as if restated herein.

**35.**

The Policy is an insurance contract between Plaintiffs and Defendant that provides coverage for the losses resulting from Hurricanes Laura and Delta.

**36.**

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds that are owed to Plaintiffs under the Policy.

**37.**

Upon information and belief, Defendant has breached the insurance contract by, among other things:

(i) purposely and/or negligently failing to timely tender undisputed insurance proceeds;

(ii) conducting the investigation and claims handling in bad faith; and/or

(iii) failing to adequately compensate Plaintiffs for the damages to the Insured Premises, as required by the Policy.

**38.**

Plaintiffs have suffered and will continue to suffer damages as a result of Defendant's breaches of the insurance contract.

## B. Bad Faith Damages for Violations of LSA-R.S. §22:1892 and §22:1973.

### 39.

Plaintiffs reallege and re-aver the allegations contained in the preceding paragraphs, above, as if restated herein.

### 40.

Under LSA-R.S. §22:1892(A)(1) & (A)(4), Defendant is obligated to make a written offer to settle any property damage claim and pay the amount of any claim due to their insured within thirty (30) days after receipt of satisfactory proof of loss. Under Louisiana law, Defendant is deemed to have received satisfactory proof of loss as of the date of their initial inspection of the damage to the Insured Premises. The statutory timelines that insurers, such as the Defendant, must comply with regarding payment of claims commences from the date of the initial inspection, not from the date that it receives any final report from its insured.

### 41.

Defendant's failure to pay the loss amount due under the Policy within thirty (30) days of receiving satisfactory proof of loss was in violation of La. Stat. Ann. §22:1892(A)(1), which subjects Defendant to the penalty imposed under §22:1892, the amount of which is fifty percent (50%) of the loss amount found to be due from the insurer to the insured or $1,000, whichever is greater.

### 42.

Under LSA-R.S. §22:1973, Defendant has an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after receiving

satisfactory proof of loss when such failure is arbitrary, capricious, or without, probable cause is a breach of the Defendant's affirmative duties under LSA-R.S. §22:1973. In addition to the general or specific damages to which the insured is entitled to as a result of Defendant's breach, Defendant's failure to comply with the sixty (60) day timeline subjects Defendant to a penalty equal to two (2) times the damages sustained or $5,000, whichever is greater. LSA-R.S. §22:1973(C).

43.

Defendant received satisfactory proof of the loss and had knowledge of the insurance benefits due to the Plaintiffs after their initial inspection of the damage to the Insured Premises. However, Defendant failed to pay Plaintiffs even the undisputed amounts owed under the Policy within either thirty (30) or sixty (60) days of receiving satisfactory proof of loss. Defendant's failure to make such payments within thirty (30) or sixty (60) days of receiving satisfactory proof of loss was arbitrary, capricious, and without probable cause.

44.

Defendant is therefore in breach of their affirmative duties and obligations imposed under both LSA-R.S. §22:1892 and §22:1973. Because of the Defendant's breach of their affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims, Defendant is liable to Plaintiffs for all additional damages resulting from the Defendant's breach and a penalty equal to two (2) times the amount of actual damages sustained, or $5,000, whichever is greater, plus attorneys' fees, and costs, pursuant to LSA-R.S. §22:1973.

**45.**

As a result of Defendant's failures to pay the loss amounts due under the Policy within either thirty (30) or sixty (60) days of receiving satisfactory proof of loss caused by Hurricane Laura and Hurricane Delta and their ongoing breaches of their affirmative duties of good faith and fair dealing, Plaintiffs are entitled to all additional damages and penalties recoverable under both LSA-R.S. §22:1892 and §22:1973 in an amount to be determined at trial.

## V. DAMAGES

**46.**

Plaintiffs reallege and re-aver the allegations contained in the preceding paragraphs, above, as if restated herein.

**47.**

As a result of the actions of the Defendant, Plaintiffs have suffered the following nonexclusive list of past, present, and future damages, in amounts reasonable in the premises:

  a. Damage to the building and other structures located at the Insured Premises;

  b. Mitigation, remediation and repair costs;

  c. Diminution in value;

  d. Lost and/or damaged business property;

  e. Loss and damage due to delays and / or inability to make appropriate repairs as a result of inadequate insurance payments;

  f. Business income losses and extra expenses;

  g. Loss of economic opportunities;

    h.    Any and all other applicable damages covered under any of the applicable coverages afforded under the Policy's sub-coverage limits, including but not limited to demolition, debris removal, increased cost of construction;

    i.    Any and all Consequential damages caused by Defendant's breaches;

    j.    Attorney's fees;

    k.    Costs of these proceedings, and all other costs incurred prior to this litigation as a result of the Defendant's breaches of their contractual and legal duties and obligations, including the failure to timely pay sums owed under the Policy; and

    l.    Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

**WHEREFORE**, premises considered, Plaintiffs, ARCHERA VENTURE CAPITAL, LLC AND INSTITUTE FOR NEUROPSYCHIATRY, respectfully pray that, Defendant, WEST AMERICAN INSURANCE COMPANY, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings are had, there be a judgment entered in favor of Plaintiffs, and against Defendant, in an amount that will fully and fairly compensate Plaintiffs for all loss and damages pursuant to the evidence and in accordance with the law, all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, for all attorney's fees, and for all other and further general and equitable relief that this Honorable Court finds reasonable in the premises.

Respectfully submitted,

**ROBICHAUX, MIZE, WADSACK, RICHARDSON & WATSON, LLC**

**Date:** _July 15, 2022_____   **BY:**   /s/ Matthew M. Mize___
**MATTHEW M. MIZE**, La. Bar No. 33993
**W. BRETT CAIN**, La. Bar No. 25997
**MATTHEW B. PETTAWAY**, La. Bar No. 33313
**TRISTAN G. GRUSPIER**, La. Bar No. 39900
1777 Ryan Street
Lake Charles, LA 70601
Telephone: (337) 433-0234
Fax: (337) 433-8595
Email: mmm@rmwlegal.com
wbc@rmwlegal.com
mbp@rmwlegal.com
tgg@rmwlegal.com

and

**PANDIT LAW FIRM, LLC**

**RAJAN PANDIT**, La. Bar No.32215
**JOHN MARK FEZIO**, La. Bar No.
**PETER N. FREIBERG**, Bar No. 22912
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone: (504) 313-3800
Facsimile: (504) 313-3820
Email: rpandit@panditlaw.com
jfezio@panditlaw.com
pfreiberg@panditlaw.com

*Counsel for Plaintiffs*

**PLEASE SERVE:**
**WEST AMERICAN INSURANCE COMPANY**
*Through its agent for Service of Process*:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809